# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| IODAPT, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>ZYXEL COMMUNICATIONS, INC.,<br><br>    Defendant. | CIVIL ACTION NO. 2:15-cv-345<br><br>JURY TRIAL DEMANDED |

## DEFENDANT ZYXEL COMMUNICATIONS, INC.'S
## ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant ZyXEL Communications, Inc. ("Defendant" or "ZyXEL") responds to the Complaint for Patent Infringement filed by IOdapt ("Plaintiff") as follows:

## PARTIES

1. ZyXEL admits that the Complaint purports to state a claim of patent infringement.

2. ZyXEL is without knowledge or information sufficient to form a belief as to the truth of paragraph 2.

3. ZyXEL admits the allegations of Paragraph 3.

## JURISDICTION AND VENUE

4. ZyXEL admits that this action arises under the patent laws of the United States and that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. ZYXEL admits that it has transacted business in this district. ZYXEL denies the remaining allegations of Paragraph 4.

6. ZyXEL is without knowledge of information sufficient to form a belief as to the truth of the allegations of paragraph 6, and therefore denies them.

## COUNT I

## WILLFUL INFRINGEMENT OF U.S. PATENT NO. 8,402,109

7. ZYXEL admits that the Complaint appears to include a copy of U.S. Patent No. 8,402,109 ("the '109 patent"), that on its face, the '109 patent is entitled "Wireless Router Remote Firmware Upgrade" and that on its face, the '109 patent bears an issue date of Mar. 19, 2013. ZyXEL denies the remaining allegations of Paragraph 7.

8. ZYXEL denies the allegations of Paragraph 8.

## GENERAL DENIAL

Except as expressly admitted, ZYXEL denies each and every allegation in Plaintiffs' Complaint.

## JURY DEMAND

No response to Plaintiffs' jury demand is required.

## PRAYER FOR RELIEF

ZyXEL asserts that Plaintiff is not entitled to any of the relief requested in sections A C of the Prayer for Relief section of the Complaint. To the extent that the Prayer for Relief section of the Complaint includes allegations requiring a response, ZyXEL denies those allegations.

## DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(b) and (c), without assuming any burden that it would not otherwise bear, without reducing or removing Plaintiffs' burdens of proof on its affirmative claims against ZyXEL, without waiving its right to assert additional defenses, and solely to the extent deemed necessary by the Court to maintain any or all of the following defenses, ZyXEL asserts the following defenses to Plaintiffs' Complaint:

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), without assuming any burden that they would not otherwise bear, and reserving the right to assert other defenses, ZyXEL asserts the following defenses:

### First Defense

1. ZyXEL does not and has not infringed any valid and enforceable claim of the claims of the '109 patent directly, indirectly, contributory, by way of inducement, and/or under the doctrine of equivalents.

### Second Defense

2. The claims of the '109 patent are invalid and/or unenforceable for failure to satisfy one or more of the requirements of 35 U.S.C. § 1 *et seq.* including 35 U.S.C. §§ 271, 281, 283, 284 and 285.

### Third Defense

3. IOdapt's claims of infringement of the '109 patent are barred, in whole or in part, under principles of equity, including laches, waiver, and/or estoppel.

### Fourth Defense

4. IOdapt is estopped from asserting that ZyXEL infringes at least some of the claims of the '109 patent, including without limitation, under the doctrine of prosecution history estoppel.

### Fifth Defense

5. IOdapt's claims for damages are barred, in whole or in part, under 35 U.S.C. § 284, 286, and/or 35 U.S.C. § 287.

### Sixth Defense

6. IOdapt is barred from recovering costs under 35 U.S.C. § 288.

### Seventh Defense

7. The Complaint, and/or certain portions of the Complaint, fails to state a claim upon which relief can be granted.

## **RESERVATION OF RIGHTS**

ZyXEL reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States and any other defenses, at law or in equity, which may now exist or in the future be available based on discovery and further investigation.

## **PRAYER FOR RELIEF**

ZyXEL respectfully requests that:

a. IOdapt's Complaint be dismissed with prejudice;

b. The Court enter judgment in favor of ZyXEL in this action, and deny IOdapt all requested relief;

c. The Court enter judgment that the '109 patent is not infringed by ZyXEL;

d. The Court enter judgment that the '109 patent is invalid;

e. The Court enter judgment that IOdapt cannot recover any damages from ZyXEL;

f. The Court enter judgment that IOdapt is not entitled to any other relief at law or equity;

g. The Court declare that this is an exceptional case under 35 U.S.C. § 285 entitling ZyXEL to its reasonable attorneys' fees; and

h. That the Court award ZyXEL its reasonable attorneys' fees, costs and

i. Such additional relief as the Court may deem just and proper.

Dated:  April 6, 2015

Respectfully submitted,

/s/ Elizabeth H. Rader
Elizabeth H. Rader
Yitai Hu
ALSTON & BIRD, LLP
1950 University Ave, 5th Floor
East Palo Alto, CA  94303-2202
Tel:      (650) 838-2000
Fax:     (650) 838-2001
Email:   elizabeth.rader@alston.com

Attorneys for Defendant
ZYXEL COMMUNICATIONS, INC.